IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. OLIVER SHEEGOG, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 07 C 1458 |
| NEDRA CHANDLER, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Oliver Sheegog's ("Sheegog") petition for a writ of *habeas corpus*. For the reasons stated below, we grant Respondent's motion to dismiss in its entirety.

**BACKGROUND**

Following a bench trial in the Circuit Court of Cook County, Illinois, Sheegog was convicted of one count of first degree murder and three counts of aggravated battery with a firearm, and was sentenced to fifty-five years in prison for the murder charge and ten years concurrently for each of the aggravated battery charges. Sheegog appealed his conviction to the Illinois Appellate Court, which affirmed the trial court's decision on May 3, 2000. Sheegog then submitted a petition for leave to

appeal to the Illinois Supreme Court, which was denied on October 4, 2000. On January 8, 2001, Sheegog filed his first petition for post-conviction relief ("State Petition 1") in the Circuit Court of Cook County, which dismissed the petition on February 16, 2001. Sheegog subsequently filed a motion for leave to amend his petition on February 20, 2001, which was denied on April 5, 2001. Sheegog appealed both post-conviction rulings to the Illinois Appellate Court, which affirmed the lower court on September 24, 2002. Sheegog then filed a petition for leave to appeal in the Illinois Supreme Court, which denied the petition on February 5, 2003. On October 3, 2002, Sheegog filed a second petition for post-conviction relief ("State Petition 2") in the trial court, which dismissed the petition on November 14, 2002. Sheegog appealed to the Illinois Appellate Court, which affirmed the lower court on January 18, 2005. Sheegog later filed a petition for leave to appeal to the Illinois Supreme Court on February 22, 2005, which was denied on May 25, 2005. On July 20, 2005, Sheegog filed a motion for a new trial with the trial court, which was treated as a third petition for post-conviction relief ("State Petition 3") in the Circuit Court of Cook County, which dismissed the petition on August 5, 2005. Sheegog further filed a motion for rehearing of the order of dismissal, which was denied on September 30, 2005. On November 3, 2005, Sheegog filed a notice of appeal in the trial court, which was denied. Sheegog subsequently filed a second notice of appeal on December 7, 2005. On February 27, 2006, Sheegog filed a motion for leave to file a late notice of appeal with the Illinois Appellate Court, which was denied on March 2, 2006. Sheegog filed the instant petition for writ of *habeas corpus* on March 12, 2007. Respondent has filed a motion to dismiss,

claiming that Sheegog's petition for a writ of *habeas corpus* is time barred.

## DISCUSSION

Respondent moves to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d) ("Section 2244(d)"), which imposes a one-year statute of limitations on *habeas* petitions, subject to tolling for certain reasons. 28 U.S.C. § 2244(d). Section 2244(d) states that all 28 U.S.C. § 2254 federal *habeas* petitions must be filed within one year of the latest of: "(1) the date the judgment becomes final or the expiration of time to seek review; (2) the date that the impediment to filing created by state action in violation of the Constitution is removed; (3) the date that the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005)(citing 28 U.S.C. § 2244(d)). The statute of limitations is tolled, however, "during such time that the petitioner has state post-conviction or other collateral review with respect to the pertinent judgment pending in state court." *Id*. The Seventh Circuit has also held that the statute of limitations can be tolled under the doctrine of equitable tolling "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition." *Id*.

In the instant action, Sheegog's conviction was affirmed by the Illinois Appellate Court on May 3, 2000, and his petition for leave to appeal with the Supreme Court of Illinois was denied on October 4, 2000. In addition, Sheegog does

not deny that he did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, the finality of Sheegog's conviction was not delayed for the ninety-day period allowed for filing a petition for writ of certiorari in the United States Supreme Court, and Sheegog's conviction became final on October 4, 2000. *See Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000)(holding that the statute of limitations under Section 2244(d) is not tolled during the ninety-day period to file a petition for writ of certiorari if the petitioner does not actually file such a petition). Therefore, in regard to Sheegog's petition for writ of *habeas corpus*, the statute of limitations began to run for the purposes of Section 2244(d) on October 4, 2000. The instant action was filed on March 12, 2007, 2,350 days after Sheegog's conviction became final.

Pursuant to 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)"), the statute of limitations period is tolled during the pendency of a properly filed application for post-conviction relief in the state court. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). As noted above, Sheegog filed State Petition 1 on January 8, 2001, and on February 5, 2003, the Illinois Supreme Court denied Sheegog's petition for leave to appeal to the Illinois Supreme Court. In addition, Sheegog filed State Petition 2 on October 3, 2002, and on May 25, 2005, the Illinois Supreme Court denied Sheegog's petition for leave to appeal State Petition 2. As such, the statute of limitations period was tolled between January 8, 2001, and May 25, 2005, during the time that State Petition 1 and State Petition 2 were being litigated in the Illinois courts, for a total of 1,598 days. Further, Sheegog filed State Petition 3 on July 20, 2005, with the Illinois state trial court, which was

litigated and eventually dismissed by the Illinois Appellate Court on March 2, 2006, which tolled the statute of limitations under Section 2244(d)(2) for an additional 225 days. Thus, even after subtracting the amount of days, 1,823, that the statute of limitations period was tolled during the pendency of Sheegog's various state petitions, the limitations period had still run for 527 days when the petition for writ of *habeas corpus* was filed in this case, which is well beyond the one-year limitations period set forth in Section 2244(d).

Sheegog has also not contended that the court should apply the principle of equitable tolling to the instant action. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)(stating that "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling"); *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002)(stating that not even "a lawyer's mistake is . . . a valid basis for . . . equitable tolling"). In addition, Sheegog has not alleged any circumstances out of his control that would merit applying the doctrines of equitable tolling or equitable estoppel. *See Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)(stating that "equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition"); *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004)(defining equitable estoppel as "conduct by the defendant that prevents the plaintiff from suing within the statutory period"). Sheegog has also failed to make any showing of actual innocence that could lead this court to waive the statute of limitations. *See Gildon*, 384 F.3d at 887 (holding that for a court to allow a claim of actual innocence to overcome a statute of limitations under Section 2244(d), "a

petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations"). For the reasons stated above, we conclude that the instant petition for a writ of *habeas corpus* was untimely and we grant Respondent's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 7, 2007